## CORNFELDT v RIHACEK

Ohio Appeals, 6th Dist, Lucas Co
No 2391. Decided Sept. 29, 1930

Meck & Meck, Toledo, for Cornfeldt.

Elmer E. Davis, Toledo, for Rihacek.

was returned does not in any way respond to the issue made on the cross-petition.

Objection is made that this court can not review the judgment on the weight of the evidence because exhibit No. 1 is not made a part of the bill of exceptions. Although a witness was inquired of about Exhibit No. 1, the exhibit was not submitted to nor read by the jury, nor was it offered in evidence, and therefore was not required to be made a part of the bill of exceptions.

The finding of the jury that the plaintiff was entitled to recover no more than $1,000.00 is manifestly against the weight of the evidence. The judgment as rendered does not accomplish substantial justice between the parties as shown by the record and the judgment should be reversed and the cause remanded for a new trial on all the issues.

Williams and Lloyd, JJ, concur.

RICHARDS, J.

The defendant further averred that the contract was made between the plaintiff as party of the first part and her husband and herself jointly, as parties of the second part, and she insisted that, being a joint contract, an action would not lie against her alone. It appears from the record that her husband died prior to the commencement of the action. Under the provisions of 10733 GC., the death of one joint contractor renders the contract in effect joint and several and permits an action against either the survivor or the administrator of the deceased party. **Burgoyne, Admr. vs. Ohio Life Insurance & Trust Co., 5 Oh St, 586.**

On the trial, the jury, by its answer to a special interrogatory, found that there was no damage due to the defendant under her cross-petition. Thereupon the plaintiff filed a motion for a new trial and later filed a motion for a judgment notwithstanding the general verdict, both of which motions were overruled. The state of the evidence is such that the plaintiff was not entitled to a judgment as a matter of law for the full amount claimed notwithstanding the answer to the special interrogatory, for some evidence was introduced against plaintiff's claim on the issue made by the denial in the answer.

A careful examination of the bill of exceptions makes it apparent that the answer to the special interrogatory, finding that there was no damgae due to the defendant under her cross-petition was reached because of the failure of the defendant to prove specifically, except as to one item of $300.00, the amount of damages she claimed in her cross-petition. The verdict which